UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHARLES WATSON,**

        **Plaintiff,**                  **CIVIL ACTION NO. 12-CV-13592**

        **vs.**                             **DISTRICT JUDGE PATRICK J. DUGGAN**

**MURPHY, et al.,**              **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that Plaintiff's Motion For Temporary Restraining Order (docket no. 12) should be **DENIED**, Defendant Sims, Harper, and Thomas' Motion to Dismiss or for Summary Judgment (docket no. 17) be **GRANTED**, Defendant Bieniewicz's Motion to Dismiss or for Summary Judgment (docket no. 25) be **GRANTED**, and Plaintiff's complaint be dismissed.

**II.**    **REPORT**:

        This matter is before the Court on three motions. The first motion is Plaintiff's Motion For Temporary Restraining Order. (Docket no. 12). Plaintiff also filed "Supplemental Pleadings." (Docket no. 13). No response was filed to the Motion for Temporary Restraining Order. Subsequently, Defendants Harper, Sims, and Thomas filed a Motion to Dismiss or for Summary Judgment. (Docket no. 17). Plaintiff filed a response to the motion. (Docket no. 24). On May 9, 2013, Defendant Bieniewicz filed a Motion to Dismiss or for Summary Judgment. (Docket no. 25). Plaintiff did not file a response to this motion and the time for responding has expired. This case has been referred for all pretrial proceedings. (Docket no. 19). The Court dispenses with oral

argument on the motions pursuant to E.D. Mich. LR 7.1(f).  The Court is now ready to rule on the motions pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.    Facts**

Plaintiff Charles Watson, a federal prisoner currently incarcerated at the Milan Federal Detention Center, brings this *pro se* action complaining of events that occurred while he was housed at the Dickerson Detention Facility in Hamtramck, Michigan.  Plaintiff was housed at the Dickerson facility under a contractual relationship between the United States Marshal service and Wayne County.  (Docket no. 25).  The complaint names three additional Plaintiffs, Logan Young, Chris Richard, and Tyrone General.  (Docket no. 1).  It names as Defendants Wayne County Sheriff's Office Corporal William Sims, Sergeant Deon Harper, Corporal Gerald Thomas, and Corporal Murphy.  Defendant Corporal Bieniewicz has appeared in this action in response to claims levied against the apparently misidentified Corporal Murphy.  Plaintiff has sued Defendant Bieniewicz and Thomas in their official capacities only.  The complaint does not identify in what capacity Plaintiff sues Defendants Sims and Harper.

According to the complaint, on August 3, 2012 "officers" rushed onto the H3 housing unit at Dickerson Detention Facility and demanded that all inmates sign a form.  The complaint states that officers informed the prisoners that they would "go to the hole" if they refused to sign the form. It claims that the officers were instructed by Defendant Harper to force inmates to sign the form or be subject to the hole.  It states that the officers refused to give the prisoners proper time to read the form before signing.  The complaint alleges that prisoners were denied telephone access to call their lawyers before signing the form, and it states that Plaintiff was subjected to lock down because he refused to sign the form.  Plaintiff alleges violations of his Fifth and Fourteenth Amendment rights

because officers coerced and forced inmates to sign the form. He claims that an inmate has a right to have a lawyer present before signing anything. He asks that the officers be removed from their positions and that he and the "additional Plaintiffs" be awarded $20,000 for their deprivation.

Plaintiff attached a copy of the disputed form to his complaint. The form is entitled "Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement." (Docket no. 1). According to Defendants, the Wayne County Jail allowed two retired NFL football players to come to the Dickerson jail on August 3, 2012 to conduct a motivational speech about hope and Christianity for the nearly 800 inmates. In connection with the event, and because the jail expected media personnel to visit the jail at the time of the event, officers asked inmates to sign a media release. Defendants claim that the release was intended to protect the privacy of inmates who did not want media exposure. They state that inmates in Plaintiff's housing unit refused to sign the form and threatened to start a riot. According to Defendants, when Defendants Sims and Thomas contacted shift command to report the riotous behavior, Defendant Harper gave the order to lock down the facility until they could determine which inmates were responsible for the outbursts. Defendants argue that none of the prisoners were taken to the hole as Plaintiff alleges. Defendants also state that jail records show that inmates who refused to sign the release, but who did not threaten to incite a riot, were not placed on lock down but instead were escorted to a neighboring gymnasium to avoid unwanted media exposure.

Defendants Sims, Harper, Thomas, and Bieniewicz move for dismissal or for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6) and 56. Plaintiff moves for a temporary restraining order.

**B.     Governing Law**

When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable claim can not survive a Rule 12(b)(6) motion. *Id.* The complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level;' they must 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)). If the moving party presents and the court relies upon matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d).

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Rule 65, Fed.R.Civ.P., authorizes the issuance of preliminary injunctions and temporary restraining orders. The Court may issue a temporary restraining order to preserve the status quo until it has had an opportunity to determine whether a preliminary injunction should issue. *First Tech. Safety Sys, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). In deciding whether to issue a preliminary injunction, the court should consider whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest will be served if the injunction issues. *Id.* (citation omitted). While these factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal. *Id. See also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). "To constitute irreparable harm, an injury must be certain, great, and actual;" mere possibility of irreparable harm or a speculative injury does not warrant injunctive relief. *Lucero v. Detr. Pub. Sch.*, 160 F.Supp.2d 767, 801 (E.D. Mich. 2001) (citations omitted). The proof required for a plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a motion for summary judgment. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

**C.     Analysis**

*1.     Appropriate Plaintiffs*

As an initial matter, Plaintiff Charles Watson filed this lawsuit purportedly on behalf of himself and three other prisoner Plaintiffs. Only Charles Watson's signature appears on the

5

complaint. In addition, it was only Charles Watson who was granted leave to proceed *in forma pauperis*, and it is only Charles Watson's name or signature that appears on motions and responses filed with this Court.

Plaintiff Watson is proceeding *pro se* and has been denied the discretionary appointment of counsel at this time. (Docket no. 22). "It is well established that '[a] litigant may bring his own claims to federal court without counsel, but not the claims of others. This is because the competence of a layman is clearly too limited to allow him to risk the rights of others.' " *Fuller v. Maple*, No. 11-13319, 2012 WL 917841, at *3 (E.D. Mich. Jan. 31, 2012) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)). Accordingly, Plaintiff Watson may not represent the interests of Logan Young, Chris Richard, and Tyrone General. Since Plaintiff Watson is the only party Plaintiff who signed the complaint, he is the only Plaintiff properly before this Court.

2.  *Supplemental Pleadings*

On March 4, 2013 Plaintiff filed a document entitled "Supplemental Pleadings." (Docket no. 13). The supplement states that on February 14, 2013 Plaintiff received a response to a request to waive a summons. On the same day he states that Defendant Thomas placed him on lock down because Plaintiff had someone in his room. The supplement states that this rule has never been enforced during Plaintiff's time at Dickerson, and states that Defendant Thomas placed Plaintiff on lock down in retaliation for filing the instant lawsuit. It also states that Defendant Thomas violated state ethics codes and violated Plaintiff's constitutional rights by depriving him of food during the lock down. Plaintiff asks that he be moved from all Wayne County facilities and be awarded an additional $35,000 in damages.

While federal courts are required to liberally construe the pleadings of *pro se* plaintiffs and

hold them to a less stringent standard than similar pleadings drafted by attorneys, *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999), *pro se* plaintiffs must still comply with the Federal Rules of Civil Procedure. *See Sueing v. Blanchard*, No. 90-10224, 2008 WL 2604976, at *1 (E.D. Mich. June 27, 2008). Rule 15(d), Fed.R.Civ.P., states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The purpose of a supplemental pleading is to allow a plaintiff to update his complaint to add allegations of later events relating to his original complaint. *Cage v. Harry*, No. 09-512, 2010 WL 1254562, at *1 (W.D. Mich. Mar. 26, 2010). "[I]t cannot be used to introduce a separate, distinct and new cause of action." *Evans v. Jackson*, No. 03-155, 2008 WL 750529, at *1 (W.D. Mich. Mar. 18, 2008).

Federal Rule 15(d) requires a plaintiff to obtain leave of court prior to filing a supplemental pleading. Plaintiff did not move for leave of court before filing his "Supplemental Pleadings." Furthermore, Plaintiff's "Supplemental Pleadings" can be construed as an attempt to add an Eighth Amendment claim for deprivation of food related to a second lock down incident, a First Amendment claim for retaliation, and possible state law claims. Because Plaintiff's "Supplemental Pleadings" was filed without leave of court and appears to add new claims that are not otherwise alleged in the original complaint, it is not in compliance with the Federal Rules of Civil Procedure and may be struck from the docket. In addition, the undersigned will not construe the "Supplemental Pleadings" as an amended complaint because it does not name each Defendant being sued or include all claims alleged by Plaintiff. Rather than strike the document, the undersigned will consider it in relation to Plaintiff's Motion for Temporary Restraining Order.

*3. Fifth Amendment Claims*

The complaint alleges that "officers" violated Plaintiff's Fifth Amendment rights by coercing and forcing inmates to sign the release or be subject to punishment. The Fifth Amendment to the United States Constitution states in relevant part that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

At the time of the events giving rise to the complaint, Plaintiff was a federal prisoner being housed in a county jail. The Fifth Amendment applies only to actions of the federal government. *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000); *Newsom v. Vanderbilt Univ.,* 653 F.2d 1100, 1113 (6th Cir. 1981). Defendants are all state actors. Therefore, Plaintiff's claims that his Fifth Amendment rights were violated should be dismissed as to all Defendants.

*4. Fourteenth Amendment Rights*

Next, the complaint states that Defendants violated the Privileges and Immunities Clause of the Fourteenth Amendment. The Fourteenth Amendment Privileges and Immunities Clause states in pertinent part that "[n]o State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States." U.S. Const. amend. XIV, § 1. Plaintiff fails to explain how his rights have been abridged by state law. Rather, Plaintiff's claims are based only upon certain alleged misconduct of county jail personnel. Here, there is no basis for Plaintiff's § 1983 claims based on any alleged violation of his rights under the Privileges and Immunities Clause.

In liberally construing the *pro se* complaint, the undersigned has considered whether Plaintiff has alleged or offered proof pertaining to any claim under the Fourteenth Amendment Due Process Clause. The Due Process Clause of the Fourteenth Amendment states in pertinent part that "[n]o

state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities. *Scott*, 205 F.3d at 873 n.8. "By its terms ... the particular procedures required by the clause apply only to deprivations of 'life, liberty, or property;' they do not apply to deprivations of other interests." *Smith v. Heyns*, No. 12-11373, 2013 WL 1163172, at *10 (E.D. Mich. Jan. 10, 2013).

Here, Plaintiff has no liberty interest in participating in jail programs like the motivational speech conducted by the retired NFL football players. *See id.* Likewise, he has no liberty interest in being free from signing a release, or from signing a release without the presence of an attorney, in order that he may participate in a voluntary jail program. Moreover, Plaintiff's claims that he was locked down to quell disruptive or riotous behavior on his housing unit do not implicate the Fourteenth Amendment Due Process Clause. *See Carter v. Tucker*, 69 Fed. Appx. 678, 680 (6th Cir. 2003) (citing *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995) for the proposition that a plaintiff does not have an inherent constitutional right to be free of disciplinary confinement); *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (2 1/2 years in segregation during riot investigation did not deprive prisoner of liberty interest without due process).

Defendants submitted an incident report showing that there was an unknown incident on housing unit H3 on the date in question involving inciting a riot, disruptive behavior, and conspiring to violate jail rules. (Docket no. 17, ex. 3). In response to the incident, Defendant Harper issued an order to lock down the housing unit for the remainder of the day in an attempt to quiet the unit and determine which inmates were responsible for the disruption. Plaintiff has not alleged facts or provided evidence to dispute this evidence and show that he was subjected to an "atypical and

significant hardship ... in relation to the ordinary incidents of [incarceration]." *See e.g. Lyons v. Wickersham*, No. 12-14353, 2012 WL 6591581, at *3 (E.D. Mich. Dec. 18, 2012). Plaintiff's claims under the Fourteenth Amendment should be dismissed.

5.  *Eleventh Amendment Immunity*

In addition to the above, Plaintiff's claims are subject to dismissal under the Eleventh Amendment. Plaintiff has sued Defendants Bieniewicz and Thomas in their official capacities only. The complaint does not identify in which capacity Plaintiff is suing Defendants Sims and Harper. The Sixth Circuit has held that "§ 1983 plaintiffs must clearly notify any defendants of their intent to seek individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 775 (6th Cir. 2001). In the absence of any such designation, the court must assume that the defendants are being sued only in their official capacities. *U.S. ex rel Diop v. Wayne Cnty Cmty. Coll. Dist.*, 242 F. Supp. 2d 497, 517 (E.D. Mich. 2003).

The Eleventh Amendment permits prospective injunctive relief but not monetary damages for suits against government individuals in their official capacities under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003). Therefore, the Court should dismiss Plaintiff's damages claims against all Defendants. Furthermore, it is the undersigned's opinion that any claims asserted by Plaintiff against any named Defendant for prospective injunctive relief are moot as Plaintiff has been transferred out of the Wayne County jail system to Milan Federal Detention Center. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

6.  *Temporary Restraining Order*

After careful consideration, the undersigned finds that Plaintiff has not demonstrated that his

circumstances clearly demand issuance of a temporary restraining order or injunctive relief. Specifically, Plaintiff has not shown a strong or substantial likelihood of success on the merits, that he will suffer irreparable injury without the restraining order or injunction, that an injunction would not cause substantial harm to others including jail officials' ability to maintain security, order, and discipline, or that the public interest will be served if an injunction issues. The undersigned therefore recommends that Plaintiff's Motion for Temporary Restraining Order be denied.

**D.     Conclusion**

For the reasons stated herein, the undersigned recommends that Defendants' Motions to Dismiss or for Summary Judgment (docket nos. 17, 25) be **GRANTED**, Plaintiff's Motion for Temporary Restraining Order (docket no. 12) be **DENIED**, and Plaintiff's complaint be dismissed.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: September 11, 2013  s/ Mona K. Majzoub
 MONA K. MAJZOUB
 UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Charles Watson and Counsel of Record on this date.


Dated: September 11, 2013  s/ Lisa C. Bartlett
 Case Manager