UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WATSON,

        Plaintiff,                              Case No. 12-cv-13592

v.                                               Honorable Patrick J. Duggan

MURPHY, THOMAS, SIMMS,          Magistrate Judge Mona K. Majzoub
and HARPER,

        Defendants.
_____/

**<u>OPINION AND ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 12), (3) GRANTING DEFENDANT SIMMS, HARPER, AND THOMAS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (ECF NO. 17), AND (4) GRANTING DEFENDANT BIENIEWICZ'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (ECF NO. 25)</u>**

On August 14, 2012, Plaintiff Charles Watson, a federal prisoner, instituted this *pro se* civil rights action pursuant to 28 U.S.C. § 1983 by filing a complaint with this Court. (ECF No. 1.) At all times relevant to the allegations contained in that complaint, Plaintiff, a federal prisoner, was housed at the Dickerson Detention Facility in Hamtramck, Michigan.[1] In his Complaint,[2] Plaintiff names four

---

[1] Dickerson Detention Facility is run by Wayne County, a municipality in southeastern Michigan. Plaintiff was housed at this facility pursuant to a contractual arrangement between the United States Marshal Service and Wayne County.

defendants: Wayne County Sheriff's Office Corporal William Simms, Sergeant Deon Harper, Corporal Gerald Thomas, and Corporal Murphy. Defendant Corporal Bieniewicz appeared in this action in response to claims levied against Corporal Murphy, who was apparently misidentified. Defendants Bieniewicz and Thomas are named only in their official capacities and the Complaint does not indicate whether Defendants Sims and Harper are being sued.

Plaintiff alleges that on August 3, 2012, "officers" rushed into Plaintiff's housing unit at Dickerson and demanded that all inmates immediately sign waivers or risk being sent to solitary confinement. The inmates were not given adequate time to read the waiver and were not permitted to contact their attorneys. Plaintiff alleges that he was placed on lock down because he refused to sign the form. In his Complaint, Plaintiff asserts violations of his Fifth and Fourteenth Amendment rights because the officers coerced and forced inmates to sign the waiver form. As a remedy, Plaintiff seeks to have the officers removed from their positions and that the Court award him and the "additional Plaintiffs" $20,000 for the rights deprivations.

---

[2] The Complaint names three additional Plaintiffs. As discussed in Magistrate Judge Mona K. Majzoub's Report and Recommendation, however, a *pro se* Plaintiff may not represent others who did not sign the complaint. Plaintiff's Complaint contains only his signature and he is therefore the only proper plaintiff. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented.").

On March 4, 2013, Plaintiff filed a Motion for Temporary Restraining Order, (ECF No. 12), which this Court referred to Magistrate Judge Mona K. Mazjoub on the following day, (ECF No. 16). On March 12, 2013, Defendants Harper, Simms, and Thomas filed a Motion to Dismiss or for Summary Judgment. (ECF No. 17.) At that time, this Court referred the lawsuit to Magistrate Judge Majzoub for all pretrial matters proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff responded to this motion on April 3, 2013. (ECF No. 24.) On May 9, 2013, Defendant Bieniwicz filed a Motion to Dismiss or for Summary Judgment. (ECF No. 25.) Plaintiff did not respond to the latter motion.

On September 11, 2013, Magistrate Judge Mazjoub filed a Report and Recommendation (R&R) recommending that this Court deny Plaintiff's Motion for Temporary Restraining Order and grant the two dispositive motions filed on behalf of the defendants. (ECF No. 27.)

With respect to Defendants' Motions, the R&R concludes that Plaintiff's Fifth Amendment due process claim should be dismissed because the events occurred in a county jail and the Fifth Amendment applies only to actions of the federal government. (R&R 8.) Because the Complaint was filed *pro se*, the R&R also analyzes whether Plaintiff's Fourteenth Amendment due process rights were

3

violated and concludes that they were not. (*Id.* at 8-10.) Turning to Plaintiff's Fourteenth Amendment allegations, which assert that Defendants violated the Privileges and Immunities Clause, the R&R recommends dismissal because Plaintiff failed to explain how his rights were abridged by state law. (*Id.* at 8.) The R&R also notes that the relief Plaintiff seeks – monetary damages from Defendants in their official capacities – is barred by the Eleventh Amendment. (*Id.* at 10.)

The R&R then turns to Plaintiff's Motion for Temporary Restraining Order and concludes that Plaintiff failed to demonstrate an entitlement to such relief. (*Id.* at 10-11.)

At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object to and seek review of the R&R within fourteen (14) days of service upon them. (*Id.* at 11.) She further specifically advises the parties that the "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id.*) No objections to the R&R have been filed and the time for doing so has expired.

After carefully reviewing Plaintiff's Complaint, Defendants' Motions, Plaintiff's Response, and the R&R, the Court concurs with the conclusions reached by Magistrate Judge Majzoub.

Accordingly,

4

**IT IS ORDERED** that Magistrate Judge Majzoub's R&R (ECF No. 27) is adopted;

**IT IS FURTHER ORDERED** that Defendant Harper, Simms, and Thomas' Motion to Dismiss or for Summary Judgment (ECF No. 17) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Bieniwicz's Motion to Dismiss or for Summary Judgment (ECF No. 25) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 12) is **DENIED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Date: October 15, 2013

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:

**Charles Watson**, # 2012010994
Milan Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Milan, MI 48160

**Margaret M. Flanagan, Esq.**
**Magistrate Judge Mona K. Majzoub**

5